# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3080 PSG (JPRx) | Date | June 29, 2017 |
|---|---|---|---|
| Title | Aaron Feao v. UFP Riverside, LLC | | |

Present: The Honorable  Philip S. Gutierrez, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):     Order DENYING Plaintiff's Motion to Remand and GRANTING Defendant's Motion to Dismiss**

Before the Court is Plaintiff Aaron Feao's motion to remand, Dkt. # 10, and Defendant UFP Riverside, LLC's motion to dismiss, Dkt. # 8. The Court finds these matters appropriate for decision without oral argument. *See* Fed. R. Civ.P. 78; L.R. 7-15. After considering the papers, the Court DENIES Plaintiff's motion to remand, and GRANTS Defendant's motion to dismiss. Plaintiff is permitted leave to amend claims one, two, three, four, five, nine, and ten and must do so, if desired, by **July 31, 2017**. Plaintiff is not permitted leave to amend claims six and eight. To the extent Plaintiff re-alleges claim seven in an amended complaint, Plaintiff may re-allege a claim for actual damages only; statutory penalties are barred by the statute of limitations.

Additionally, the Court imposes sanctions on Plaintiff's counsel for their failure to heed the Court's instructions as to the federal pleading standard. Defendant may file a motion to recover attorneys' fees and costs associated with the filing of the motion to dismiss no later than **July 31, 2017**.

I.    <u>Background</u>

Plaintiff Aaron Feao was employed by Defendant UFP Riverside, LLC as an hourly, non-exempt employee in California from June 2013 to August 2014. *See Complaint* ("*Compl.*"), Dkt. # 1-1, ¶ 18. On February 16, 2017, Plaintiff filed a wage and hour putative class action complaint against Defendant in the Superior Court for the County of Los Angeles. *See generally id.* The putative class was comprised of: "All current and former hourly-paid or non-exempt employees who worked for any of the Defendants [sic] within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment." *Id.* ¶ 13. Plaintiff asserts that Defendant "engaged in a uniform policy and systematic scheme of wage abuse against their [sic] hourly-paid or non-exempt employees . . . ." *Id.* ¶ 25. Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3080 PSG (JPRx) | Date | June 29, 2017 |
|---|---|---|---|
| Title | Aaron Feao v. UFP Riverside, LLC | | |

additionally avers that "[a]t all material times" Defendant violated various California Labor Code sections by failing to pay overtime wages, provide meal and rest periods, pay the minimum wage, and pay wages owed at termination, among other violations. *Id.* ¶¶ 37–45.

Plaintiff asserts ten causes of action for violations of: (1) Cal. Lab. Code §§ 510, 1198 (unpaid overtime); (2) Cal. Lab. Code §§ 226.7, 512(a) (unpaid meal period premiums); (3) Cal. Lab. Code § 226.7 (unpaid rest period premiums); (4) Cal. Lab. Code §§ 1194, 1197, 1197.1 (unpaid minimum wages); (5) Cal. Lab. Code §§ 201, 202 (final wages not timely paid); (6) Cal. Lab. Code § 204 (wages not timely paid during employment); (7) Cal. Lab. Code § 226(a) (non-compliant wage statements); (8) Cal. Lab. Code § 1174(d) (failure to keep requisite payroll records); (9) Cal. Lab. Code §§ 2800, 2802 (unreimbursed business expenses); and (10) Cal. Bus. & Prof. Code §§ 17200 *et seq. See Motion to Remand* ("*MTR*") 1:26–2:10 (summarizing causes of action).

Defendant removed this case to federal court on April 24, 2017 pursuant to the Class Action Fairness Act of 2005 ("CAFA"). On April 28, 2017, Defendant filed the motion to dismiss, Dkt. # 8, and on May 3, 2017, Plaintiff filed the motion to remand to state court, Dkt. # 10. Both motions are opposed.

## II.    Legal Standard

### A.    Motion to Remand

CAFA provides federal jurisdiction over class actions in which the amount in controversy exceeds $5,000,000, there is minimal diversity between the parties, and the number of proposed class members is at least 100. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B). "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court . . . [and] intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). While "no antiremoval presumption attends cases invoking CAFA," *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), "the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego v. Dow Chem*, 443 F.3d 676, 685 (9th Cir. 2006).

Under CAFA, a defendant removing a case must file a notice of removal containing a "short and plain statement of the grounds for removal." *Dart Cherokee*, 135 S. Ct. 547 at 553. Additionally, the Supreme Court clarified that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," unless a defendant's assertion is contested by the plaintiff. *Id.* at 554. Where, as here, a defendant's asserted amount in controversy is contested, "[e]vidence establishing the amount is

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3080 PSG (JPRx) | Date | June 29, 2017 |
|---|---|---|---|
| Title | Aaron Feao v. UFP Riverside, LLC | | |

required." *Id*. "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id*. at 550. Ultimately, the defendant bears the burden of proving that the amount in controversy is met. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir.2013).

B.      Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When deciding a Rule 12(b)(6) motion, the court must accept the facts pleaded in the complaint as true, and construe them in the light most favorable to the plaintiff. *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013); *Cousins v. Lockyer*, 568 F.3d 1063, 1067–68 (9th Cir. 2009). The court, however, is not required to accept "legal conclusions . . . cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

After accepting all non-conclusory allegations as true and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the complaint alleges a plausible claim to relief. *See Iqbal*, 556 U.S. at 679–80. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

III.    Discussion

The Court first addresses Plaintiff's motion to remand to determine whether it has subject matter jurisdiction over this case, and then turns to Defendant's motion to dismiss.

A.      Motion to Remand

There is no dispute that the Complaint satisfies CAFA's requirements of minimal diversity or numerosity; the sole jurisdictional dispute involves the amount in controversy. *See MTR* 1:3–9. To obtain federal jurisdiction under CAFA, the amount in controversy must exceed $5,000,000. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B). For CAFA jurisdiction purposes, the amount in controversy "is determined by [the] universe of what the plaintiff puts at-issue in the complaint." *Schiller v. David's Bridal, Inc.*, No. CV 10-0616 AWI (SKOx), 2010 WL 2793650, at *6 (E.D. Cal. July 14, 2010); *see also Ibarra*, 775 F.3d at 1198; *Lim v. Helio, LLC*, No. CV

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3080 PSG (JPRx) | Date | June 29, 2017 |
| --- | --- | --- | --- |
| Title | Aaron Feao v. UFP Riverside, LLC | | |

11-9183 PSG (PLAx), 2012 WL 359304, at *2 (C.D. Cal. Feb. 2, 2012) ("The ultimate inquiry is . . . what amount is put 'in controversy' by the plaintiff's complaint or other papers, not what the defendant will actually owe for the actual number of violations that occurred, if any").

In the Notice of Removal, Defendant contends that the amount in controversy exceeds $5,000,000 based on damage calculations for (1) failure to pay overtime wages, (2) failure to pay the minimum wage, (3) minimum wage penalties, (4) failure to pay meal and rest period compensation, (5) waiting time penalties for failure to furnish timely wage statements at termination, (6) failure to provide accurate and itemized wage statements, and (7) attorneys' fees. *See Notice of Removal* ("*NOR*") ¶¶ 22–36.

To support the calculations in the NOR, Defendant submits the declaration of Jody Perrien, Defendant's Director of Compensation and HR Systems. *Perrien Decl.*, Dkt. # 1-3, ¶ 1. In the declaration, Perrien provides statistics gleaned from Defendant's records, such as the number of putative class members, the putative class members' weighted average hourly wage, and the number of putative class members terminated during the relevant time period. *See id.* ¶¶ 4–5. Although Plaintiff contends that the Perrien declaration is too conclusory to serve as evidence of each of these data points, the Court disagrees, finding Perrien competent to serve as a declarant in this matter. *See Dart Cherokee*, 135 S. Ct. at 554; *see also Jones v. Tween Brands, Inc.*, No. CV 14-1631 ODW (PLAx), 2014 WL 1607636, at *2 (C.D. Cal. Apr. 22, 2014) (recognizing that an HR manager could be expected to have all the information and to testify competently about the contents of the declaration). Moreover, Perrien submitted a supplemental declaration with Defendant's Opposition that addressed many of the objections that Plaintiff raised to the declaration. *See Dkt. # 16-1.*

Defendant calculates, based on Plaintiff's allegations and the Perrien declaration, that the amount in controversy, excluding attorneys' fees, for Plaintiff's claims amounts to $5,119,566.[1] *NOR* ¶ 34. Defendant's calculation of the amount in controversy assumes that there are 218 people in the putative class, and that the people worked approximately 22,218 work weeks and earned roughly $16.26 per hour in the relevant time period. *See Perrien Decl.* ¶¶ 4–5. The calculations include:

**Overtime Claims: $541,897**. Defendant assumes that each class member had at least one hour of unpaid overtime for each work week. *NOR* ¶ 22. Because overtime is

---

[1] In calculating potential damages, the Court's calculations are actually slightly higher than Defendant's. Accepting Defendant's assumptions, the Court's calculations lead to potential damages as high as $5,124,167. The Court does not address Defendant's assumption of an attorneys' fees award of 25 percent because attorneys' fees are ultimately not necessary to reach the $5 million amount in controversy.

compensated at a time-and-a-half rate, *see* Cal. Lab. Code § 510, an employee earning $16.26 per hour would be compensated $24.39 for each overtime hour worked. *See NOR* 7 n.2. Given these assumptions, Defendant asserts that the potential value of Plaintiff's overtime claim is $541,897 ($24.39 x 22,218 weeks worked). *Id.* 8 n.3.

**Minimum Wage Claims: $722,530**. Defendant assumes that each class member had at least one hour of work below the minimum wage for each work week. *Id.* ¶ 25. Under California Labor Code section 1197.1, an employer who fails to pay the minimum wage owes the employee (1) the unpaid minimum wage and (2) liquidated damages in the same amount as the unpaid wage. Given these assumptions, Defendant contends that the potential value of Plaintiff's minimum wage claim is $722,530, assuming (1) $361,265 in unpaid minimum wage ($16.26 x 22,218 weeks worked); and (2) $361,265 in liquidated damages ($16.26 x 22,218 weeks worked).

**Minimum Wage Penalties: $1,067,300**. Defendant assumes at least one minimum wage violation per pay period. Under California Labor Code section 1197.1(a)(1), (a)(2), an employer who fails to pay the minimum wage may be fined $100 for the first pay period where the employee is not paid a minimum wage, and $250 for every subsequent pay period that violates the law. Minimum wage penalties follow a one-year statute of limitations. Cal. Civ. Proc. Code § 340(a). Defendant employed 178 people in the year before Plaintiff filed this Complaint and issued 4,376 total wage statements. *Perrien Decl.* ¶ 7. Assuming a 100 percent violation rate, Defendant asserts that it may owe $1,067,300 in minimum wage penalties ((178 initial violations x $100) + ((4,376 – 178 secondary violations) x $250)). *See NOR* 8 n.3; *see also Jasso v. Money Mart Exp., Inc.*, No. CV 11-5500 YGR, 2012 WL 699465, at *5 n.5 (N.D. Cal. Mar. 1, 2012) (calculating section 1197.1 penalties).

**Meal and Rest Period Claims: $2,167,588.** Defendant assumes that each class member missed three meal periods and three rest periods for every work week (a 60 percent violation rate if each employee was entitled to five meal periods and five rest periods). *NOR* ¶ 28; *see also Opp.* 12:20–26. Assuming six violations per work week, Defendant contends that it may owe $2,167,588 for missed meal and rest periods. *See NOR* ¶ 28 ((6 x $16.26) x 22,218).

**Waiting Time Penalties**: **$196,651.20**. Plaintiff alleges that Defendant owes penalties for failing to pay all wages to employees upon the end of their employment. *See* Cal. Lab. Code § 203. Under section 203, former employees may recover penalties in the amount of their daily rate of pay for a period of up to thirty days. *See id.* Defendant asserts that 53 people separated from Defendant during the class period. *Perrien Decl.* ¶

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3080 PSG (JPRx) | Date | June 29, 2017 |
| --- | --- | --- | --- |
| Title | Aaron Feao v. UFP Riverside, LLC | | |

6.  Their average daily rate of pay was $123.68.  *Id.*  Assuming that each class member could collect the 30-day maximum penalty, Defendant asserts that each class member may be entitled to at least $3,710.40 ($123.68 x 30).  The total wage penalty may thus reach as high as $196,651.20 ($3,710.40 x 53 separated employees).

**Failure to Provide Accurate Itemized Wage Statements: $428,700**.  Plaintiff alleges that Defendant did not provide accurate wage statements.  *See* Cal. Lab. Code § 226.  Under section 226, an employer may be fined $50 for the first pay period with an inaccurate wage statement and $100 for every subsequent violation, totaling no more than $4,000 per employee.  *See* Cal. Lab. Code § 226(e).  Such claims are subject to a one-year statute of limitations.  Cal. Code Civ. P. § 340.  Based on the Perrien declaration's assertion that Defendant employed 178 people for 4,376 pay periods in the year before the Complaint was filed, and assuming a 100 percent violation rate, Defendant contends that it may owe as much as $428,700 for inaccurate wage statements.  *NOR* ¶ 32 ((178 initial violations x $50) + ((4,376 – 178 secondary violations) x $100).

Although Plaintiff levies a different argument about each of the six categories of damage calculations, Plaintiff's arguments boil down to one point.  Plaintiff asserts that Defendant's assumptions are arbitrary and are designed solely to allow Defendant to claim the $5,000,000 amount in controversy required for CAFA jurisdiction.  *See, e.g.*, *MTR* 5:9–11, 8:20–25, 11:11–14, 11:17–23.  However, because Defendant's assumptions are supported by the wide-ranging allegations in the Complaint, the Court disagrees.  *See Lim*, 2012 WL 359304, at *2 (recognizing that the ultimate inquiry is the amount in controversy put in play by the plaintiff).

Courts have approved even more generous assumptions based on allegations nearly identical to those presented in the Complaint.  For example, in *Mejia v. DHL Express (USA), Inc.*, the Court found a 100 percent violation rate to be a reasonable assumption based on allegations that Defendant "adopted and maintained uniform policies, practices and procedures" that caused the purported violations of California's rest period laws.  No. 15-0890 GHK (JCx), 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015).  The Court concluded it was not unreasonable "to assume that when a company has unlawful policies and they are uniformly 'adopted and maintained,' then the company may potentially violate the law in each and every situation where those policies are applied."  *Id.*

Similarly, in *Duberry v. J.Crew Group, Inc.*, the court observed that allegations of a "uniform policy," "systematic scheme," and violations occurring at "all material times" are the types of allegations that support a defendant's assumption of a 100 percent violation rate.  *See* No. CV 14-8810 SVW (MRWx), 2015 WL 4575018, at *6 (C.D. Cal. July 28, 2015).  Again, in *Lopez v. Aerotek, Inc.*, a plaintiff challenged defendant's use of a 100 percent violation rate on

the ground that the plaintiff never alleged that the employer engaged in a "pattern and practice" of violating labor laws or that "all" employees missed meal and rest periods. No. SACV 14-0803 CJC, 2015 WL 2342558, at *3 (C.D. Cal. May, 14, 2015). Noting that the plaintiff did not suggest "an alternative violation rate on which the Court could rely," the court was persuaded of defendant's use of a 100 percent violation rate because plaintiff did not qualify her allegations. *Id.*; *see also Sanchez v. Russell Sigler, Inc.*, No. CV 15-1350 AB (PLAx), 2015 WL 12765359, at *6 (C.D. Cal. Apr. 28, 2015) (approving a 100 percent violation rate because the complaint alleged that defendant had "at all material times" failed to provide uninterrupted meal and rest periods).

Here, Plaintiff alleges that Defendant "engaged in a uniform policy and systematic scheme of wage abuse against their [sic] hourly-paid or non-exempt employees within the State of California." *Compl.* ¶ 25. Plaintiff further alleges that "[a]t all material times" Defendant failed to pay overtime wages, failed to provide uninterrupted meal and rest periods, failed to pay minimum wages, failed to pay wages owed at discharge or resignation, delayed in paying wages, and failed to provide and keep accurate wage statements and payroll records. *Id.* ¶¶ 37–45. Such allegations fall squarely in line with *Mejia*, *Duberry*, *Lopez*, and *Sanchez*.

In addition, Plaintiff's allegations contain no qualifying words such as "often" or "sometimes" to suggest less than uniform violation that would preclude a 100 percent violation rate. *See, e.g., Ibarra*, 775 F.3d at 1198 (holding that allegations of violations occurring on "multiple occasions" are insufficient to support an assumed 100 percent rate of violation because such language precludes a conclusion that violations occurred on every occasion possible); *Garza v. Brinderson Constructors, Inc.*, 178 F. Supp. 3d 906 (N.D. Cal. 2016) (rejecting assumption of a 100 percent violation rate where plaintiff alleged that he "*regularly* worked shifts of eight to twelve hours per day without being afforded a meal break during the first five hours"). To the contrary, Plaintiff uses language, such as "[a]t all material times," that supports an assumption of universal violations. *See Compl.* ¶¶ 37–45.

Although the language in the Complaint would support a 100 percent violation rate for all claims, Defendant is, at times, more measured in its calculations. Defendant assumes that each class member worked only one unpaid hour of overtime and missed only one hour of minimum wage work per work week. *NOR* ¶¶ 22, 25. Additionally, Defendant only factors in a 60 percent violation rate for Plaintiff's meal and rest period claims. *Id.* ¶ 28. In light of the case law and the language in the Complaint, Defendant's assumptions are sufficiently supported.

Removing defendants must inevitably rely on some assumptions to support removal; a removing defendant is not required to go so far as to prove plaintiff's case for him by proving the actual rates of violation. *See Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141,

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3080 PSG (JPRx) | Date | June 29, 2017 |
|---|---|---|---|
| Title | Aaron Feao v. UFP Riverside, LLC | | |

1148 (C.D. Cal. 2010) ("The burden is not daunting, and a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." (internal quotations omitted)); *see also Unutoa v. Interstate Hotels & Resorts, Inc.*, No. CV 14-9809 SVW (PJWx), 2015 WL 898512, at *3 (C.D. Cal. Mar. 3, 2015); *Oda v. Gucci Am., Inc.*, No. CV 14-7468 SVW (JPRx), 2015 WL 93335, at *5 (C.D. Cal. Jan. 7, 2015). Accordingly, the Court concludes that Defendant has proven the amount in controversy by a preponderance of the evidence, thereby satisfying the requirements for federal jurisdiction under CAFA. It therefore DENIES Plaintiff's motion to remand.

### B.    Motion to Dismiss

Having found that it has CAFA jurisdiction over Plaintiff's Complaint, the Court turns to Defendant's motion to dismiss. *See* Dkt. # 8-1. Defendant moves to dismiss (1) all of Plaintiff's allegations because they are too conclusory to satisfy the federal pleading standard; (2) Plaintiff's sixth and eighth claims on grounds that California does not recognize a private right of action for these claims; (3) Plaintiff's seventh cause of action as time-barred by a one-year statute of limitations; and (4) Plaintiff's requests for injunctive relief because Plaintiff lacks standing to sue for injunctive relief.[2] *See Motion to Dismiss* ("*MTD*") 3:1–6.

The Court first addresses Defendant's motion to dismiss all allegations in the Complaint as conclusory, and then, because the additional arguments bear on whether to grant leave to amend, the Court briefly touches on each additional argument for why the Court should dismiss the sixth, seventh, and eighth causes of action, and the prayer for injunctive relief. Finally, the Court considers whether to grant leave to amend and whether to impose sanctions on Plaintiff's counsel for failure to take note of the Court's prior orders.

### i.    *Conclusory Allegations*

In moving to dismiss the allegations as too conclusory, Defendant draws the Court's attention to the proceedings in another case before the Court, *Dawson v. HITCO Carbon Composites, Inc.*, No. CV 16-7337 PSG (FFMx). *See MTD* 3:10–22. Plaintiffs in *Dawson* and *Feao* are represented by the same counsel at Lawyers for Justice, PC. *Id.* Defendant points out

---

[2]    Although Defendant moves to dismiss the sixth, seventh, and eighth causes of action on additional grounds, the Court does not expressly address those grounds here because the grounds discussed are dispositive. Additionally, the Court notes that Defendant has not moved to dismiss Plaintiff's claims for statutory penalties under California Labor Code section 1197.1 (minimum wage penalties), *Compl.* ¶ 25, or section 203 (final wages not timely paid), *Compl.* ¶ 32, although these statutory penalties would likely be subject to the same one-year statute of limitations as Plaintiff's seventh claim.

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3080 PSG (JPRx) | Date | June 29, 2017 |
|---|---|---|---|
| Title | Aaron Feao v. UFP Riverside, LLC | | |

that, aside from some immaterial variation in claims, the original complaint in *Dawson* and the operative Complaint in this case are identical. *See id.* 3 n.1. Importantly, Defendant also correctly notes that the Court granted the motion to dismiss the *Dawson* complaint in its entirety after finding the complaint too formulaic to pass muster under federal pleading standards. *Id.* 3 n.2.

In the Opposition, Plaintiff's counsel does not deny that this Complaint and the *Dawson* complaint are substantially identical. *See Opp.* 5:25–6:8. Rather, counsel argues that, because the Complaint might survive under state pleading standards, and the Court has not yet decided whether it has jurisdiction, the Complaint is sufficient—for now. *See id.* 6:5–8 ("[I]t is still an open question as to whether Plaintiff's complaint—which was filed in state court—will be deemed subject to federal pleading requirements because the Court has yet to determine whether it has jurisdiction over this action."). Unfortunately for Plaintiff, however, the Court has decided the jurisdictional issues in Defendant's favor, and the Complaint is subject to federal pleading standards. Because the allegations in this Complaint are virtually identical to those in the *Dawson* complaint, which the Court has already rejected, this Complaint will meet the same fate as the complaint in *Dawson*.

As the Court already noted in *Dawson*, broad conclusory allegations are insufficient to state a plausible claim that Plaintiff was a victim of Defendant's alleged violations of the labor laws. *See Landers v. Quality Commc'ns*, 771 F.3d 638, 644–46 (9th Cir. 2014) (rejecting a complaint that offered no detail "regarding a given workweek"), *cert. denied*, 135 S. Ct. 1845; *Bellinghausen v. Tractor Supply Co.*, No. C 13-2377 JSC, 2013 WL 5090869, at *3 (N.D. Cal. Sept. 13, 2013) ("While the requirements for a claim under Section 512 are straightforward—the employer failed to provide the requisite meal period—a plaintiff cannot state such a claim without any factual allegations supporting the claim."). Plaintiff's allegations merely recite the statutory language without any factual support. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Defendant does not exaggerate when it points out that the Complaint's only factual allegations are Feao's name, state of residency, and dates of employment, and even these facts are alleged with some generality. *See MTD* 1:1–11. Because the Complaint's allegations are no more than formulaic recitations of legal conclusions, the Complaint does not survive Rule 12(b)(6). The Court therefore GRANTS Defendant's motion to dismiss.

> ii.    *Claim Six: Wages Not Timely Paid During Employment*

Defendant additionally moves to dismiss Plaintiff's sixth cause of action, which alleges that Defendant violated California Labor Code section 204 by failing to pay wages on a timely basis during employment. California law requires that "[a]ll wages . . . earned by any person in any employment are due and payable twice during each calendar month, on days designated in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3080 PSG (JPRx) | Date | June 29, 2017 |
|---|---|---|---|
| Title | Aaron Feao v. UFP Riverside, LLC | | |

advance by the employer as the regular paydays." Cal. Lab. Code § 204. The remedy for a violation of section 204 is in section 210, which provides that "every person who fails to pay the wages of each employee as provided in Section 204 . . . shall be subject to a civil penalty." Cal. Lab. Code § 210(a). Section 210 goes on to say that "[t]he penalty shall be recovered by the Labor Commissioner . . . ." *Id.* § 210(b).

Pursuant to this language, courts regularly hold that there is no private right of action under section 204. *See Silva v. AvalonBay Cmtys., Inc.*, No. CV 15-4157 JAK (PLAx), 2015 WL 11422302, at *9 (C.D. Cal. Oct. 8, 2015) ("[T]here is no private right of action under § 204."); *Johnson v. Hewlett-Packard Co.*, 809 F. Supp. 2d 1114, 1136 (N.D. Cal. 2011) ("There is nothing in section 204 or 210 that indicates, in 'clear understandable, unmistakable terms' that a private right of action exists for violations of section 204."); *Young v. ABM Sec. Servs.*, No. 89-55564, 1990 WL 89347, at *5 (9th Cir. June 28, 1990) (unpublished) ("[California Labor Code] statute does not grant employees a private right of action against employers who violate section 204.").

Because Section 204 does not provide a private right of action, Defendant's motion to dismiss Plaintiff's sixth cause of action is GRANTED.

### iii.    Claim Seven: Non-Compliant Wage Statements

Plaintiff's seventh cause of action is for violation of California Labor Code section 226(a) (non-compliant wage statements). *See Compl.* ¶¶ 94–100. California law requires that employers furnish employees with accurate, itemized wage statements. Cal. Lab. Code § 226(a). Section 226(e)(1) provides that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period." Cal. Lab. Code § 226(e)(1). Paragraph 99 of the Complaint indicates that Plaintiff and other class members are seeking the greater of either actual damages or statutory penalties. *Compl.* ¶ 99. Plaintiff confirms in the Opposition to the motion to dismiss that he is "seeking actual damages, in addition to penalties." *Opp.* 20:4–7.

California has a one-year statute of limitations for "[a]n action upon a statute for a penalty or forfeiture, if the action is given to an individual, [ . . . ] except if the statute imposing it prescribes a different limitation." Cal. Civ. Proc. Code § 340. However, California provides a three-year statute of limitations for "[a]n action upon a liability created by statute, other than a penalty or forfeiture." Cal. Civ. Proc. Code § 338.

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3080 PSG (JPRx) | Date | June 29, 2017 |
|----------|----------------------|------|---------------|
| Title | Aaron Feao v. UFP Riverside, LLC | | |

Because Plaintiff terminated his employment in "approximately August 2014," *Compl.* ¶ 18, but filed his Complaint in February 2017, Plaintiff's claim falls outside of the scope of the one-year statute of limitations applicable to statutory penalties. *Reinhardt v. Gemini Motor Transport*, 869 F. Supp. 2d 1158, 1169–70 (E.D. Cal. 2012) ("[I]f a plaintiff attempts to obtain the statutory penalties provided by Labor Code § 226(e), then the one year statute of limitations of California Code of Civil Procedure § 340(a) applies."). Plaintiff is therefore time-barred from recovering statutory penalties under section 226(a). However, Plaintiff's claim for actual damages is timely because it has been brought within the three-year statute of limitations and constitutes "liability created by statute, other than a penalty or forfeiture." § 380; *Singer v. Becton, Dickinson & Co.*, No. CV 08-0821 IEG (BLMx), 2008 WL 2899825, at *5 (S.D. Cal. July 25, 2008).

In light of the foregoing, the Court additionally GRANTS Defendant's motion to dismiss Plaintiff's seventh cause of action to the extent it is premised on a claim for statutory penalties.

### iv. Claim Eight: Failure to Keep Requisite Payroll Records

Plaintiff's eighth cause of action is for failure to keep requisite payroll records as required under California Labor Code section 1174(d). *See Compl.* ¶¶ 101–05. Defendant moves to dismiss this cause of action because section 1174 does not provide a private right of action.

California law provides that employers shall "[k]eep . . . payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments." Cal. Lab. Code § 1174(d). The plain language of section 1174 suggests that employers must maintain records for inspection by the Labor Commissioner, not by individual employees. *See* Cal. Lab. Code § 1174(a), (b), (d). As with the remedies for violation of section 204, discussed above, section 1174.5, which lays out the punishment for a violation of section 1174(d), imposes "a civil penalty of five hundred dollars." Cal. Lab. Code § 1174.5. Rights of action for civil penalties under the Labor Code generally arise under the California Private Attorney General Act ("PAGA"), not under the Labor Code directly. *See Thomas v. Home Depot USA, Inc.*, 527 F. Supp. 2d 1003, 1006–07 (N.D. Cal. 2007) ("PAGA . . . permits individuals to bring private actions against an employer for civil penalties under specified sections of the Labor Code."); *Caliber Bodyworks v. Super. Ct.*, 134 Cal. App. 4th 365, 374–75 (2005) (explaining that PAGA allows private actions for civil penalties).

The Court therefore agrees that Plaintiff's section 1174(d) claim fails as a matter of law because it does not provide for a private cause of action. *Cordell v. PICC Lines Plus LLC*, No. CV 16-1814 TEH, 2016 WL 4702654, at *10 (N.D. Cal. Sept. 8, 2016) ("Plaintiff . . . has no

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3080 PSG (JPRx) | Date | June 29, 2017 |
|---|---|---|---|
| Title | Aaron Feao v. UFP Riverside, LLC | | |

private right of action directly under the Labor Code for violation of section 1174(d).”); *Cleveland v. Groceryworks.com, LLC*, No. CV 14-0231 JCS, 2016 WL 4140504, at *22 (N.D. Cal. Aug. 4, 2016) (holding there is no private right of action under § 1174(d)).  Accordingly, Defendant’s motion to dismiss the eighth cause of action is GRANTED.

> ### v.    Injunctive Relief

Plaintiff makes various claims for injunctive relief in the Complaint. *Compl.* ¶¶ 42, 100; *Prayer for Relief* ¶ 57.  Defendant urges the Court to dismiss Plaintiff’s claim for injunctive relief because Plaintiff, as a former employee, lacks standing to seek injunctive relief against his former employer.  *MTD* 24:5–18.

To establish standing under Article III, a plaintiff must show each of the following: (i) the plaintiff suffered an injury in fact; (ii) the injury in fact was concrete and particularized; and (iii) the injury was actual or imminent rather than conjectural or hypothetical.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  The “injury-in-fact” prong requires a threatened future injury to be real and immediate.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Clark v. City of Lakewood*, 259 F.3d 996, 1007 (9th Cir. 2001) (“In the context of injunctive relief, the plaintiff must demonstrate a real or immediate threat of an irreparable injury.”).

The Ninth Circuit has repeatedly held that a former employee lacks standing to seek injunctive relief against a former employer in certain factual settings.  For example, in *Walsh v. Nevada Department of Human Resources*, the Court held that a former employee could not satisfy the injury component of standing because:

> [Plaintiff] is no longer an employee of the Department.  She admits that her employment ended in 2004.  There is no indication in the complaint that [Plaintiff] has any interest in returning to work for the State or the Department.  Therefore, she would not stand to benefit from an injunction.

471 F.3d 1033, 1037 (9th Cir. 2006); *see also Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 986 (9th Cir. 2011) (“Plaintiffs not employed by Costco throughout this case do not have standing to seek injunctive relief.”).  District courts have also concluded that a former employee lacks standing to seek prospective injunctive relief on behalf of a putative class containing both former and current employees.  *See, e.g.*, *Ramirez v. Manpower, Inc.*, No. CV 13-2880 EJD, 2014 WL 116531, at *7 (N.D. Cal. Jan. 10, 2014) (finding former employee did not face any threat of real and immediate future harm where she did not allege in the complaint that she intended to return to work for defendant in the future); *Richards v. Ernst & Young LLP*, No. C 08-4988 JF (HRL), 2010 WL 682314, *3 (N.D. Cal. Feb. 24, 2010).

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3080 PSG (JPRx) | Date | June 29, 2017 |
|----------|----------------------|------|---------------|
| Title | Aaron Feao v. UFP Riverside, LLC | | |

Plaintiff left his employment with Defendant in August 2014, *see Compl.* ¶ 18, and alleges no prospect of ever returning to employment there. Consequently, Plaintiff has not shown any likelihood whatsoever of future injury, let alone a real and immediate threat. Accordingly, Defendant's motion to dismiss Plaintiff's request for injunctive relief is GRANTED.

### vi. Leave to Amend

The final question is whether the Court should grant leave to amend. "Generally [Federal Rule of Civil Procedure] 15 advises the court that 'leave shall be freely given when justice so requires.' This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curium) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Court, however, may deny leave to amend if plaintiff has repeatedly failed to cure deficiencies or if amendment would be futile. *See Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1041–42 (9th Cir. 2015).

The Court dismissed Plaintiff's sixth and eighth causes of action because California does not recognize a private cause of action under sections 204 and 1174(d). The Court additionally dismissed Plaintiff's seventh cause of action to the extent Plaintiff sought statutory penalties because Plaintiff's claim for statutory penalties is time-barred by a one-year statute of limitations, and the Court dismissed Plaintiff's claims for injunctive relief because Plaintiff did not allege any prospect of returning to work for the employer in the future. The Court finds it appropriate to withhold leave to amend for these causes of action. It would be impossible for the Court to award Plaintiff relief under causes of action that California does not recognize. Moreover, Plaintiff does not contest the dates of his employment and the date he filed his Complaint, and the chances of Plaintiff returning to work for Defendant, especially while this case is pending, are so minimal as to render further amendment futile. The Court therefore declines to grant leave to amend for these claims.

The Court dismissed all other claims in the Complaint because Plaintiff did not allege sufficient facts to state a plausible claim for relief. Although Defendant urges the Court to deny leave to amend given that Plaintiff's counsel had prior notice of the deficiency of the allegations, the Court declines to impose such a harsh remedy on the Plaintiff. Because the other claims in the Complaint could theoretically be fixed by amendment, the Court will grant leave to amend.

### vii. Sanctions

### CIVIL MINUTES - GENERAL

| Case No. | CV 17-3080 PSG (JPRx) | Date | June 29, 2017 |
|---|---|---|---|
| Title | Aaron Feao v. UFP Riverside, LLC | | |

In the Reply, Defendant suggests that sanctions may be appropriate for counsel's continuing failure to take note of the Court's prior instructions. *Reply* 10:2–8. Federal Rule of Civil Procedure 11 gives the Court authority to impose sanctions against litigants appearing before it. Rule 11 is "designed to deter attorneys and unrepresented parties from violating their certification that any pleading, motion or other paper presented to the court is supported by an objectively reasonable legal and factual basis." *Truesdell v. S. Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 173–74 (C.D. Cal. 2002). Rule 11 provides, in relevant part:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> (1)     it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal conclusions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b). "Rule 11 permits a court to impose a sanction for any violation of these certification requirements, either upon the attorney or the party 'responsible for the violation.'" *Truesdell*, 209 F.R.D. at 174 (citing Fed. R. Civ. P. 11(c)). Although there is nothing "inherently wrong" with boilerplate complaints, Rule 11 tasks counsel with conducting a reasonable inquiry to ensure that there is a basis for the short and plain statements in the Complaint. *See Doran v. Vicorp Restaurants, Inc.*, 407 F. Supp. 2d 1115, 1119 n.5 (C.D. Cal. 2005).

Here, the Court is concerned not only with counsel's filing of a boilerplate complaint but also counsel's failure to take note of the Court's prior order rejecting a substantially identical complaint. Because Plaintiff's counsel represent Dawson in the other matter, there is no doubt that Plaintiff's counsel was aware of this Court's prior motion to dismiss orders. Plaintiff's counsel also received notice of the deficiencies in the Complaint when they met and conferred with Defendant's counsel before Defendant removed the Complaint to federal court and filed the motion to dismiss. *See MTD* 2:27–3:6; *see also Heckathorn Decl.*, Dkt. # 8-2, Ex. A. Indeed,

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3080 PSG (JPRx) | Date | June 29, 2017 |
| --- | --- | --- | --- |
| Title | Aaron Feao v. UFP Riverside, LLC | | |

had counsel heeded the warnings that Defendant offered in the meet and confer, Plaintiff might have avoided removal altogether. Simply recognizing that Plaintiff's claims for statutory penalties were barred by a one-year statute of limitations because of Plaintiff's date of termination and the date of filing, or that some causes of action could only be brought by the State, for example, would have shed more than $1 million from the amount in controversy.

Instead, at the meet and confer, defense counsel asked Plaintiff's counsel to amend the Complaint to comply with the federal rules. *See id.* Plaintiff's counsel refused. *Id.*, Ex. B; *see also MTD* 4:10–15. Now in the Opposition, Plaintiff's only retort to the motion to dismiss is that, although they knew the Complaint would not pass *Twombly* and *Iqbal* scrutiny, they hoped they would succeed in their motion to remand and that the Complaint would fare better in state court with state pleading standards. *See Opp.* 5:25–7:3. Because of counsel's conduct and failure to file an amended Complaint at any point prior to the Court deciding this motion, Defendant incurred unnecessary costs in filing a motion and a reply to dismiss a Complaint that the Court had already found deficient.

In light of the above, the Court finds it appropriate to impose Rule 11 sanctions. Rule 11 states that sanctions should not exceed what "is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(2). Here, monetary sanctions are appropriate both to deter future conduct and to compensate Defendant for the attorneys' fees and costs that it incurred in bringing an unnecessary motion to dismiss. Defendant may file a motion for attorney's fees and costs—limited to the costs of drafting and filing the motion to dismiss and the reply to the opposition for the motion to dismiss—no later than **July 31, 2017**. Defendant should not include in its motion any expenses related to Plaintiff's motion to remand or the removal.

IV.    Conclusion

Accordingly, the Court holds:

(1)    Plaintiff's motion to remand is DENIED. Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $5 million, and the Court has CAFA jurisdiction.

(2)    Defendant's motion to dismiss is GRANTED. Plaintiff is permitted leave to amend claims one, two, three, four, five, nine, and ten and must do so by **July 31, 2017**. Plaintiff is not permitted leave to amend claims six and eight. To the extent Plaintiff re-alleges claim seven in an amended complaint, Plaintiff may re-allege a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-3080 PSG (JPRx) | Date | June 29, 2017 |
|---|---|---|---|
| Title | Aaron Feao v. UFP Riverside, LLC | | |

claim for actual damages only; statutory penalties are barred by the statute of limitations.

(3)     Defendant may move to recover attorneys' fees and costs associated with the filing of the motion to dismiss no later than **July 31, 2017**. The Court found that sanctions were warranted to deter future conduct and to compensate Defendant for the attorneys' fees and costs that it incurred in bringing a motion to dismiss a boilerplate complaint that the Court had already found deficient.

**IT IS SO ORDERED**.